UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHELLE CONWAY and DAVID LOCKE,

        Plaintiffs,

vs.

CHARMI, LLC, A GEORGIA LIMITED LIABILITY COMPANY, AND BAHRAT PATEL, INDIVIDUALLY,

        Defendants.
_____/

CASE NO.: CV215-110

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiffs, MICHELLE CONWAY and DAVID LOCKE, by and through the undersigned attorney, sue the Defendants, CHARMI, LLC, a Georgia Limited Liability Company, and BAHRAT PATEL, Individually, and allege:

     1.    Plaintiffs were employees of Defendants and bring this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

     2.    Plaintiffs worked as hourly paid employees working for Defendants in housekeeping, maintenance and other areas for Defendants at their Days Inn hotel which Defendants operated.

     3.    Plaintiff Conway worked for Defendants from approximately January

1

2014 to 2015.

4. Plaintiff Locke worked for Defendants from approximately December 2013 to July 2014.

5. Defendant, CHARMI, LLC, is a Georgia Limited Liability Corporation that operates a Days Inn hotel in Camden County, Georgia and is therefore within the jurisdiction of this Court.

6. At all times relevant to this action, BAHRAT PATEL was an individual resident of the State of Georgia, who owned and operated CHARMI, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of CHARMI, LLC.  By virtue of having regularly exercised that authority on behalf of CHARMI, LLC, BAHRAT PATEL is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiffs' employment with Defendants, Defendant, CHARMI, LLC, earned more than $500,000.00 per year in gross sales.

10. During Plaintiffs' employment with Defendant, Defendant, CHARMI, LLC, employed two or more employees which handled goods, materials and supplies

2

which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were office equipment and furniture, computers, phones, linens, hotel supplies, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant, CHARMI, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendants failed to comply with the FLSA by only paying Plaintiffs for 35 hours per week and then deducting $175 per week as a "lodging credit."

14. During their employment with Defendants, Plaintiffs routinely worked overtime hours on a weekly basis.

15. However, Defendants would only pay Plaintiffs the minimum wage for 35 hours per week, which resulted in Plaintiffs not being paid the minimum wage for all hours worked nor being paid overtime compensation for all overtime hours worked.

16. Additionally, Defendants then deducted $175 per week from Plaintiffs pay as reimbursement to Defendants for a "lodging credit."

17. Pursuant to 29 C.F.R. § 531.2, an employer is only allowed to count the "actual cost" (with no profit included) of lodging provided against an employee's wages.

18. Here, Defendants claimed a lodging credit well in excess of the "actual cost" of the rooms provided.

19. As a result, Defendants also failed to pay the minimum wage to

Plaintiffs for hours worked due to this excessive deduction in violations of the FLSA.

20. Because of these pay practices above, each week Plaintiffs typically received only $79 per week in actual wages paid to them for more than 40 hours which they typically worked.

21. Upon information and belief, the records, to the extent any exist and are accurate, concerning the amounts paid to Plaintiffs are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-21 above.

23. Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During their employment with Defendants, Plaintiffs routinely worked overtime hours but were only paid for a maximum of 35 hours per week. *See* ¶¶ 13-15.

25. Defendants did not have a good faith basis for their decision to not pay Plaintiffs for all overtime hours worked.

26. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs proper overtime compensation for all overtime hours worked, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

4

28. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, MICHELLE CONWAY and DAVID LOCKE, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

29. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-21 above.

30. Plaintiffs were entitled to be paid the minimum wage for all hours worked during their employment with Defendants.

31. During their employment with Defendants, Plaintiffs worked more than 35 hours per week, but were only paid the minimum wage for 35 hours per week. *See* ¶¶ 13-15.

32. Additionally, Defendants deducted $175 per week from Plaintiffs' minimum wage paychecks for a lodging credit, well in excess of the "actual cost" of the lodging which is allowed to be deducted under the FLSA. *See* ¶¶ 16-19.

33. Defendants did not have a good faith basis for their decision to not pay Plaintiffs the minimum wage for all hours worked and for their decision to over-deduct a proper amount for a lodging credit.

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs the full and complete minimum wage, Plaintiffs have

suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

36. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, MICHELLE CONWAY and DAVID LOCKE, demand judgment against Defendants for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this <u>5th</u> day of August, 2015.

<u>/s/C. RYAN MORGAN</u>
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiffs*