UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MICHELLE CONWAY and <br> DAVID LOCKE, <br>               **Plaintiffs,** <br> v. <br> CHARMI, LLC, a Georgia Limited <br> Liability Company; and BAHRAT PATEL, <br> Individually <br>               **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 2:15-cv-00110-LGW-RSB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE**

Plaintiffs MICHELLE CONWAY and DAVID LOCKE (hereinafter "Plaintiffs") and Defendants CHARMI, LLC and BAHRAT PATEL, Individually (hereinafter "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Settlement Agreement and Voluntary Dismissal of Claims With Prejudice ("Joint Motion"). The Parties state the following in support:

1. On August 5, 2015, Plaintiffs filed a Complaint against Defendants alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. § 216(b). (Docket No. 1).

2. On September 11, 2015, Defendants filed their Answer, denying the allegations of violations of the FLSA and asserting various defenses. (Docket No. 5).

3. Defendants contend that are not subject to the minimum wage and overtime requirements of the FLSA. Defendants also contend that the Plaintiffs were not individuals subject to the FLSA during the entire period of covered employment. Plaintiffs and Defendants

1

dispute the number of overtime hours allegedly worked by Plaintiffs.  Plaintiffs and Defendants dispute the amount of underpayment of minimum wage allegedly owed to Plaintiffs.  Plaintiffs and Defendants also dispute whether the conduct of Defendants was "willful" so as to extend the period at issue from two years to three years.  Finally, Plaintiffs and Defendants dispute whether Defendants acted in good faith and had reasonable grounds for believing that their actions were not in violation of the FLSA, which will determine whether Plaintiffs are entitled to liquidated damages.  Aside from the named Plaintiffs, no additional parties sought to join this action.

5. To avoid the risks and uncertainty as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice, as to all counts, claims, and parties.  Thus, on September 4, 2015, as a result of arms-length negotiations, Plaintiffs and Defendants agreed to resolve the claims asserted by Plaintiffs in this action.

6. Pursuant to the FLSA, the Court must review and approve agreements settling alleged violations of the Act.  See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945); Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  Accordingly, Plaintiffs and Defendants are requesting that the Court review, ratify, and approve the terms of the settlement as set forth below.

7. Plaintiffs and Defendants have entered into separate written Settlement Agreements that memorialize the terms of the settlement.  The respective Settlement Agreements were executed by each Plaintiff on October 4th, 2015, by Defendant Patel on October 20th, 2015, and by Defendant Charmi LLC on October 29, 2015.  The Settlement Agreements provide that, in exchange for each Plaintiff's full and complete release of his/her claims against

Defendants and the obtaining of a dismissal of this action with prejudice, Defendants will pay Plaintiffs Conway and Locke an amount agreed to by the parties.  To preserve the confidentiality provisions of the Settlement Agreements, which were an essential term of the settlement, the parties request that this Court review the Settlement Agreements *in camera* to satisfy the Court's obligation to verify that the settlement is fair to Plaintiffs.

8.	Plaintiffs and Defendants respectfully request that, upon this Court's approval of the Settlement Agreement, the Court dismiss the instant matter with prejudice.

9.	A proposed Order, approving the Settlement Agreement and dismissing Plaintiff's claims, with prejudice, is attached hereto as Exhibit A.

WHEREFORE, for all the forgoing reasons, the parties jointly request that the Court grant this Joint Motion for Approval of Settlement Agreement and Voluntary Dismissal of Claims With Prejudice, and enter the proposed Order attached hereto.


Respectfully submitted this 30th day of October, 2015.


**/s/C. Ryan Morgan**
C. Ryan Morgan
Georgia Bar No. 711884
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32801
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:  RMorgan@forthepeople.com
*Attorney for Plaintiff*

**/s/W. Jonathan Martin II**
W. Jonathan Martin II
Georgia Bar No. 474590
John L. Weltin
Georgia Bar No. 264352
CONSTANGY, BROOKS, SMITH
& PROPHETE. LLP
577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202
Telephone:  (478) 750-8600
Facsimile:  (478) 750-8686
Email:  jmartin@constangy.com
Email: jweltin@constangy.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MICHELLE CONWAY and <br> DAVID LOCKE, <br><br> Plaintiffs, <br><br> v. <br><br> CHARMI, LLC, a Georgia Limited <br> Liability Company; and BAHRAT PATEL, <br> Individually <br><br> Defendants. | Case No. 2:15-cv-00110-LGW-RSB |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I electronically filed the foregoing **Joint Motion for Approval of Settlement Agreement and Voluntary Dismissal of Claims With Prejudice** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

C. Ryan Morgan
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32801

This the 30th day of October, 2015.

/s/W. Jonathan Martin, II
W. Jonathan Martin II

4